UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SEKOU KOUYATE,

        Plaintiff,                                **MEMORANDUM AND ORDER**
                                                              17-CV-4716 (PKC)

    -against-

U.S. CUSTOMS AND BORDER PROTECTION,

        Defendant.
-------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On July 3, 2017, Plaintiff filed this action in the Supreme Court of the State of New York, Queens County. On August 11, 2017, Defendant U.S. Customs and Border Protection ("CBP") filed a "Notice of Removal," removing this action from state court. (Dkt. 1.) By letter dated August 15, 2017, Defendant asked that this action be dismissed *sua sponte* by the Court or, in the alternative, that the Court set a pre-motion conference to establish a briefing schedule for Defendant's motion to dismiss. (Dkt. 3). Plaintiff opposes removal (Dkt. 5, at 5-6, 34-36), and filed a motion seeking summary judgment on August 28, 2017 (Dkt. 5). He also filed a motion for "summary judgment by default" on October 11, 2017. (Dkts. 10, 11.) For the reasons discussed below, the Complaint is dismissed and Plaintiff's motions are denied as moot. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff states that he is an American citizen and that on or about January 20, 2017, he traveled from John F. Kennedy Airport ("JFK") to Guinea, West Africa, "because my lawful wife that I married[, the] mother of my two (2) kids[, . . .] put the black magic or woodoo or voodoo on me[] to get me kill[ed] on January 22, 2017." (Dkt. 5, at 39). He alleges that unidentified CBP

officers discriminated against him on that date and also on February 14, 2017, when he returned home on a flight to JFK. (*Id.*) Specifically, on these two occasions—as well as "every time" he returned from abroad—agents improperly stopped him, pulled him off of the customs line, and questioned him in a separate room in the airport. (*Id*. at 42, 60.) He also alleges that he is on "the terrorist list . . . without any evidence." (*Id.* at 52.)

On June 29, 2017, Plaintiff filed a Freedom of Information/Privacy Act ("FOIA") Request with U.S. Citizenship and Immigration Services ("USCIS") seeking information from "his file" as to why he is "always" stopped by CBP officers when he travels. (*Id*. at 57.) By letter dated July 13, 2017, USCIS acknowledged receipt of Plaintiff's FOIA request, which is still pending. (*Id*. at 61.)

Plaintiff alleges discrimination, fraud, defamation, attempted murder, violation of his constitutional rights, and a "set-up." (*Id.* at 30). He seeks: (1) damages in the range of $999 trillion to $999 quadrillion (*id*. at 30, 53); (2) his "file report" from USCIS under FOIA (*id*. at 51, 60); (3) a jury trial (*id*. at 50); and (4) remand of his case back to state court (*id*. at 51-53).

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, a complaint must still contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

The district court has "inherent authority to dismiss frivolous actions" *sua sponte*. *Abrams v. Sprizzo,* 201 F.3d 430, 430 (2d Cir. 1999); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296, 307–08 (1989) (noting that even though a statute "authorizes courts to dismiss a 'frivolous or malicious' action, . . . there is little doubt [courts] would have power to do so even in the absence of [a statute]"); *Leonhard v. U.S.,* 633 F.2d 599, 609 n.11 (2d Cir. 1980) (noting that the district court had the power to dismiss a complaint *sua sponte* for failure to state a claim). Because Plaintiff names a defendant that is immune to suit, namely, CBP, the Court finds the suit to be frivolous. *See Abrams*, 201 F.3d at 430 ("An action is frivolous as a matter of law when . . . 'the claim is based on an indisputably meritless legal theory or when a dispositive defense clearly exists on the face of the complaint.'") (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *Baker v. Dir. U.S. Parole Comm'r.*, 916 F.2d 725 (D.C. Cir. 1990) (holding *sua sponte* dismissal appropriate where "it is patently obvious that [plaintiff] could not prevail"). The Court, however, grants Plaintiff leave to amend.

**DISCUSSION**

**A. Constitutional Claim**

Plaintiff alleges unspecified constitutional violations by Defendant CBP, a federal agency. These claims are barred by sovereign immunity. "Sovereign immunity shields the Federal Government and its agencies," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), as well as federal government officials acting in their official capacity, from suit, *Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994). Sovereign immunity may be waived only if the government consents to suit. *Presidential Gardens*

*Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted). No such waiver is applicable in this case.

Plaintiff may, however, choose to bring a *Bivens* action against the individual(s) personally responsible for the alleged deprivation of his constitutional rights. *Meyer*, 510 U.S. at 486. *Bivens* permits recovery for certain constitutional violations by federal agents, even in the absence of a statute conferring such a right. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Carlson v. Green*, 446 U.S. 14, 18 (1980). To state a *Bivens* claim, Plaintiff must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Specifically, to establish his discrimination claim, Plaintiff "must plead and prove that the [individual agents who detained him] acted with discriminatory purpose." *Id.* at 677.

### B. Federal Tort Claims Act

In light of plaintiff's *pro se* status, the Court has considered whether his claims could be brought under the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity and permits certain suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In order to bring a claim in federal district court pursuant to the FTCA, a claimant must first exhaust his

administrative remedies by filing a tort claim with the federal agency, in this case, CBP, *see* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), and he must name the United States as the defendant. Plaintiff has not indicated that he has exhausted his administrative remedies within the agency or that he received a final agency decision. Therefore, any potential FTCA claim is not yet ripe.

**C. Freedom of Information/Privacy Act**

To the extent Plaintiff seeks to bring a claim under FOIA against USCIS, his claim fails. Although Plaintiff has not currently named USCIS as a defendant, even if he had, Plaintiff cannot file a complaint in this court seeking documents from a federal agency without first exhausting his administrative remedies pursuant to FOIA. *Robert v. Dep't of Justice*, 193 F. App'x 8, 9 (2d Cir. 2006) (summary order) (holding that Plaintiff "failed to exhaust administrative remedies. FOIA provides that request denials may be appealed to the heads of agencies, 5 U.S.C. § 552(a)(6)(A)(i), and requesters are required to exhaust this administrative remedy before turning to litigation— although they may be deemed to have exhausted constructively if the agency fails to make a timely response to the initial request"); *Sussman v. United States Dep't of Justice*, No. 03 CV 3618, 2006 WL 2850608, at *4 (E.D.N.Y. Sept. 30, 2006) ("The purpose of the [exhaustion] requirement is to allow the agency the opportunity to exercise its expertise and develop a record for review.").[1]

---

[1] Although Plaintiff alleges that he has not received the documents he requested, (Dkt. 30, at 51, 60), he received a timely response from USCIS on July 13, 2017, and his request is currently pending. "Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies." *Sussman*, 2006 WL 2850608, at *5. Plaintiff does not state that his request has been denied or that he has properly appealed any such denial pursuant to FOIA.

**D. Leave to Amend**

Although the Complaint fails to state a claim as currently stated, in light of Plaintiff's *pro se* status, Plaintiff may file an amended complaint within thirty (30) days from the date of this Order, if he intends to continue with this action. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (holding *pro se* plaintiff should be afforded opportunity to amend complaint prior to dismissal). Plaintiff must comply with Fed. R. Civ. P. 8 by naming proper defendant(s) and must demonstrate each defendant's "direct participation" or "personal involvement" in the actions that are alleged to have caused the deprivation of Plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

Specifically, Plaintiff should: (1) identify the individuals whom he believes to have been responsible for the alleged deprivation of his constitutional rights[2] and (2) also provide the date and location of each relevant event. Should Plaintiff assert a claim under the FTCA, he must name the United States as a defendant and provide information about any efforts he has made to exhaust his administrative remedies, such as a copy of his tort claim filed with the relevant agency and any correspondence from the agency sent to him regarding his tort claim.

---

[2] Even if Plaintiff does not know the names of these individuals, he may identify each of them as "John Doe or Jane Doe U.S. Customs and Border Protection Agent" or something similar, and should identify their positions and the role each of them played in the alleged incidents.

## CONCLUSION

For the reasons discussed, the Complaint is dismissed and Plaintiff's motions are denied as moot. Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff does not file an amended complaint within thirty (30) days, judgment dismissing the case shall enter.

SO ORDERED.

*/s/Pamela K. Chen*_____
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
        October 23, 2017